# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | |
|---|---|
| DEIDRE PENATZER BAILES, | Civil Action No. 5:21-cv-436 |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, AND NATIONWIDE RETIREMENT PLAN, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company (together, "Nationwide"), and Nationwide Retirement Plan (the "Plan") (collectively "Defendants") through counsel, remove the civil matter captioned *Deirdre Penatzer Bailes v. Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Retirement Plan,* Case No. 21CV011455, filed in the General Court of Justice, Superior Court Division sitting in Wake County, North Carolina, on August 24, 2021 (the "State Court Action") to the United States District Court for the Eastern District of North Carolina, Western Division.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

1.      On or about August 24, 2021, Plaintiff Deirdre Penatzer Bailes ("Plaintiff") filed her Complaint in the General Court of Justice, Superior Court Division in Wake County, North Carolina.

2.      On or about September 22, 2021, Defendants received service of the Summons and Complaint filed in the State Court Action. Defendants' removal is timely because it is removing

4829-7978-3421.1 / 111742-1008

this matter within 30 days of service of the Summons and Complaint upon Defendants. *See* 28 U.S.C. § 1446(b).

3.      In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of the Summons and Complaint is attached as Exhibit A.

4.      All Defendants consent to the removal of the State Court Action.

5.      The United States District Court for the Eastern District of North Carolina, Western Division, is the federal judicial district encompassing the General Court of Justice, Superior Court Division of Wake County, North Carolina, where this suit was originally filed.

6.      Under 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of the State Court Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of Court of the General Court of Justice, Superior Court Division of Wake County, North Carolina.

## FEDERAL QUESTION JURISDICTION

7.      This Court has subject matter jurisdiction based upon federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(a). Federal question jurisdiction exists in a civil matter when the "claim or right aris[es] under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).

8.      "A case arise[s] under federal law within the meaning of § 1331…if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 548 U.S. 677, 689-90 (2006).

9.      Federal question jurisdiction has been invoked under the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001, *et seq.* In her Complaint, Plaintiff alleges that:

2

a. "This is an action to recover promised retirement benefits governed by the Employee Retirement Income Security Act of 1974 ('ERISA')…to contest a denial of benefits and a breach of fiduciary duty by Defendants Nationwide Insurance and its Retirement Plan." (Exhibit A, ¶1);

b. "Defendant Plan is an employee retirement benefit plan subject to ERISA, including its civil enforcement provisions." (*Id.* at ¶6);

c. Defendants breached a "contract" for retirement benefits by failing and refusing to provide all retirement benefits under the Retirement Plan; (*Id.* at ¶19);

d. Defendants violated its "obligations under ERISA" by denying retirement benefits (*Id.* at ¶22); and

e. "Defendant Plan is a retirement plan as defined by ERISA and is subject to ERISA requirements, including the fulfillment of fiduciary responsibilities as defined by ERISA" and Defendants "breach its duty as a fiduciary of the Plan" (*Id.* at ¶¶25-26).

10.    ERISA creates a comprehensive regulatory scheme for employee welfare benefit plans and provides the exclusive means by which a participant may bring a civil action to recover benefits, enforce rights, or clarify rights. *See Retail Industry Leaders Ass'n v. Fielder*, 475 F.3d 180, 190 (4th Cir. 2007) (reasoning that ERISA establishes "comprehensive federal regulation of employers' provision of benefits to their employees" and "the primary objective of ERISA was to 'provide a uniform regulatory regime over employee benefit plans.'"), citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). Title I of ERISA defines "employee welfare benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer...to the extent that by its express terms or as a result of surrounding circumstances such

4829-7978-3421.1 / 111742-1008

plan, fund, or program provides retirement income to employees…" 29 U.S.C. §§ 1002(1), *et. seq*.

11.     ERISA preempts all state laws that "relate to" employee welfare benefit plans, whether or not the state laws affect employee benefit plans because "Congress used the words 'relate to'…in their broad sense." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98 (1983) and 29 U.S.C. § 1144(a); *see also, Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 67 (1987) (upholding removal when plaintiff who sued for wrongful termination, breach of contract, and retaliatory discharge, and demanded "all benefits and insurance coverages [sic] plaintiff is entitled to" was beneficiary under ERISA and could have brought his claim for benefits under ERISA's civil enforcement section); *see also Puller v. Unisource Worldwide, Inc.*, No. 3:08-cv-813, 2009 WL 331291, *5 (E.D.Va. Feb. 9, 2009) ("When a plaintiff brings an action to enforce a contract and that contract is an ERISA-covered plan, it 'is of necessity an alternative enforcement mechanism for ERISA §502 and is therefore 'relate[d] to' an ERISA plan and preempted,'") citing *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 195 (4th Cir. 2002).

12.     Plaintiff seeks to: (1) enforce her rights under the Plan, and (2) recover benefits allegedly due her under the terms of the Plan.  Accordingly, Plaintiff's Complaint is governed by ERISA and subject to removal based upon federal question under 28 U.S.C. § 1331.

## DIVERSITY JURISDICTION

14.     The Court also has jurisdiction over this action because there is complete diversity of citizenship between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

15.     Plaintiff is a citizen of North Carolina. (Exhibit A at ¶3).

4829-7978-3421.1 / 111742-1008

16.     Nationwide is headquartered in Columbus, Ohio, and is therefore a citizen of Ohio. (*Id.* at ¶5). *See* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed a citizen of every State and foreign state by which it had been incorporated and of the State or foreign state where it has its principal place of business.").

17.     The Plan is an employee benefit plan within the meaning of ERISA, and therefore does not have a state of incorporation or principal place of business.

18.     Complete diversity of citizenship exists between Plaintiff and Defendants.

19.     Plaintiff alleges that she was entitled to a deferred annuity payment of $722.54 per month beginning on February 1, 2029, or a reduced amount monthly benefit beginning February 1, 2019, under the Plan. Exhibit A at ¶11. Plaintiff also seeks attorneys' fees with her statutory ERISA claims. *Id.* at Prayer for Relief.

20.     Based on Plaintiff's claims against Defendants and the aggregation of potential damages, the amount in controversy is likely to exceed the sum or value of $75,000 exclusive of interests and costs. *See Cole v. Wells Fargo Bank, N.A.*, No. 1:15-CV-00039-MR, 2016 WL 737943, at *4 (W.D.N.C. Feb. 23, 2016) (reasoning that court's may consider a "reasonable estimate" for such fees in determining the amount in controversy).

21.     The Court therefore has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

## **RESERVATION OF RIGHTS**

22.     If this Court should be inclined to remand this action, Defendants request that the Court issue an order to show cause why the case should not be remanded, allowing the parties to present proper briefing and argument before any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

4829-7978-3421.1 / 111742-1008

23.     Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense.

## CONCLUSION

WHEREFORE, Defendants give notice of the removal of the civil action captioned *Deirdre Penatzer Bailes v. Nationwide Mutual Insurance Company, et al.,* Case No. 2021CV011455, in the Wake County General Court of Justice, Superior Court Division, for the State of North Carolina, which, upon receipt of a copy of this Notice of Removal, shall proceed no further.

Respectfully submitted this 22nd day of October, 2021,

/s/ Elizabeth H. Pratt
Elizabeth H. Pratt
Littler Mendelson P.C.
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Phone:  (704) 972-7045
Fax:    (704) 333-4005
epratt@littler.com
State Bar No. 46132
Local Civil Rule 83.1(d) Counsel for Defendants

Lisa M. Kathumbi* (OH 0081441)
Kofi A. Semenya* (OH 0093062)
Littler Mendelson P.C.
41 S. High Street, Suite 3250
Columbus, OH 43215
Phone: (614) 463-4230
Fax: (614) 573-7475
lkathumbi@littler.com
ksemenya@littler.com
*Pro hac vice applications forthcoming

Counsel for Defendants

6

**CERTIFICATE OF SERVICE**

I certify that on the October 22, 2021, a true and accurate copy of the above and foregoing

Notice of Removal was electronically filed via the CM/ECF system, and that a true and accurate

copy was sent via U.S. mail, postage prepaid, and properly addressed to:

William P. Barrett
Joshua M. Krasner
Barrett Law Offices, PLLC
5 West Hargett St., Suite 910
Raleigh, NC 27601
*Attorneys for Plaintiff*

/s/ Elizabeth H. Pratt
Elizabeth H. Pratt

4829-7978-3421.1 / 111742-1008