IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DEIDRE PENATZER BAILES,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, AND NATIONWIDE RETIREMENT PLAN,<br><br>Defendants. | Civil Action No. 5:21-cv-436<br><br>**NOTICE OF REMOVAL** |

# EXHIBIT A

# STATE OF NORTH CAROLINA

Wake County County

File No. 21 CVS 11455

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
Deirdre Penatzer Bailes

**Address**
6480 Poplar Springs Church Road

**City, State, Zip**
Sanford, NC 27330

## VERSUS

**Name Of Defendant(s)**
Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Retirement Plan

# CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Nationwide Mutual Insurance Company and Nationwide Mutual Fire
c/o North Carolina Department of Insurance
325 North Salisbury Street
Raleigh, NC 27603

**Name And Address Of Defendant 2**
Nationwide Retirement Plan
c/o North Carolina Department of Insurance
325 North Salisbury Street
Raleigh, NC 27603

**IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
William P. Barret
Barrett Law Offices, PLLC
5 West Hargett Street, Suite 910
Raleigh, NC 27601

**Date Issued** 8/24/2021  **Time** 3 ☐ AM ☒ PM

**Signature**
☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**  **Time** ☐ AM ☐ PM

**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | CASE NO. 11455 |

FILED 21 AUG 24 P 3:28

DEIRDRE PENATZER BAILES,  )
)
Plaintiff, )
)
v. ) **COMPLAINT**
)
)
NATIONWIDE MUTUAL INSURANCE )
COMPANY, NATIONWIDE MUTUAL )
FIRE INSURANCE COMPANY and )
NATIONWIDE RETIREMENT PLAN

Defendants.

NOW COMES Plaintiff Deirdre Penatzer Bailes ("Bailes" or "Plaintiff"), complaining of Defendants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company (together, "Nationwide") and Nationwide Retirement Plan ("the Plan") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action to recover promised retirement benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA") Section 502(a), 29 U.S.C. § 1001 et. seq., and §§ 1331 and 1132, to contest a denial of benefits and a breach of fiduciary duty by Defendants Nationwide Insurance and its Retirement Plan.

2. Plaintiff seeks all applicable damages, costs and fees authorized by the statute, plus equitable relief in the form of an Order requiring the Defendants to provide the retirement benefits promised to Plaintiff.

## JURISDICTION AND PARTIES

3. Plaintiff is a citizen and resident of Lee County, North Carolina, and while employed by Nationwide, regularly transacted business on behalf of Nationwide in Wake County, North Carolina.

4. Plaintiff was an employee of Nationwide and a participant in the Nationwide Retirement Plan, and resigned her employment with Nationwide on March 30, 2016.

5. Defendant Nationwide is a national insurance carrier operating in all 50 US States, headquartered in Columbus, Ohio (with a Regional Headquarters in Wake County, North Carolina) and authorized to do business, and doing business, throughout North Carolina.

6. Defendant Plan is an employee retirement benefit plan subject to ERISA, including its civil enforcement provisions. ERISA §§ 3(1), 3(3), 4(a), 502(a)(1)(B) and a(3); 29 U.S.C. §§ 1002(1), (3), 1003(a), 1132(a)(1)(B) and (a)(3).

7. The court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and pursuant to §§ 502(a)(1)(B) and (a)(3) of ERISA 29 U.S.C. §§ 1132(a)(1)(B), (a)(3), e(1), and (g).

## STATEMENT OF FACTS

8. Plaintiff worked for Nationwide from about September 29, 1995 through July 6, 2012. After a hiatus, Plaintiff returned to the employ of Nationwide on about June 30, 2014 and remained employed there until resigning on March 30, 2016.

9. On June 24, 2016, as part of processing Plaintiff's separation from its employment, Nationwide and the Plan sent Plaintiff written correspondence outlining various distribution options from the Plan available to Plaintiff at that time.

10. Among several options described, Defendants' June 24, 2016 letter advised Plaintiff that she could receive a partial lump sum distribution pf $25,000 from the Plan if she made an election prior to August 31, 2016, and that she was eligible for annuity payments based on her remaining benefit in the Plan.

11. Among several options described, Defendants' June 24, 2016 letter promised Plaintiff that she would be eligible for a deferred annuity payment of $722.54 per month beginning on February 1, 2029, or a reduced amount monthly benefit beginning on February 1, 2019.

12. In reliance on Defendants' promises in the June 24, 2016 letter, Plaintiff elected to accept the immediate lump sum distribution of $25,000 and to defer the remainder of her benefit until either February 2019 or February 2029, a choice she need not yet make according to Defendants' letter. Plaintiff would not have elected to receive the lump sum distribution from the Plan in 2016 absent the Defendants' promise(s) that she remained eligible for various deferred annuity payments starting years later.

13. After the first annuity threshold date of February 1, 2019, in about July 2019, in accordance with the terms and promises in Defendants' June 24, 2016 letter, Plaintiff sought to identify and select one of her remaining deferred annuity options as had been promised in Defendants' letter. In response, Defendants' and their agents advised Plaintiff that her full benefit under the Plan had been paid out in 2016 (as a lump sum) and that she has no remaining benefits, or right to deferred annuity payments under the Plan.

14. Thereafter Plaintiff pursued and exhausted her internal appeal rights under ERISA with Defendants, even as Defendants produced several updated, and conflicting, calculations

as to Plaintiff's remaining available Plan benefits and options for deferred annuity payments.

15. Defendants' Administrative Committee for the Plan communicated its final denial of Plaintiff's appeal(s) on August 24, 2020, and Defendants have failed and refused to pay the retirement benefits promised to Plaintiff.

## COUNT 1

### Breach of Contract

16. The allegations of paragraphs 1 through 15 are incorporated by reference and realleged herein.

17. By virtue of Planitiff's status as an employee and Plan participant, she was party to a contract for retirement benefits described by the Plan and specified at the time of her separation from Nationwide in Defendants' June 24, 2016 letter to her.

18. In Defendants' contract for retirement benefits with Plaintiff, as memorialized in the June 24, 2016 letter, Plaintiff was promised both a lump sum distribution opportunity and a residual deferred annuity payment for life, commencing in either 2019 or 2029, at Plaintiff's election.

19. Defendants' have failed and refused to provide all the benefits calculated and outlined in their contract with Plaintiff, in the form of the promised annuity payments in breach of the parties' agreement.

20. As a direct and proximate result of Defendants' breach of its promises in the June 24, 2016 letter, Plaintiff has been damaged and is entitled to recover damages in an amount greater than $10,000.

## COUNT 2

### Improper Denial of Retirement Benefits

21. The allegations of paragraphs 1 through 20 are incorporated by reference and realleged herein.

22. Having undertaken to calculate and communicate to Plaintiff her several overlapping options for receiving retirement benefits under the Plan in its letter of June 24, 2016, it was a violation of Defendants' obligations under ERISA, 29 U.S.C. § 1001, et. seq., to deny Plaintiff the benefits promised to her therein upon her application for same in about July, 2019.

23. As a result of Defendants' denial of promised Plan benefits, Plaintiff has been damaged and is entitled to recover damages in an amount greater than $10,000.

## COUNT 3

### Breach of Fiduciary Obligations Under and Pursuant to ERISA and Claim for Equitable Restitution

24. The allegations of paragraphs 1 through 23 are incorporated by reference and realleged herein.

25. Defendant Plan is a retirement plan as defined by ERISA and is subject to ERISA requirements, including the fulfillment of fiduciary responsibilities as defined by ERISA.

26. Defendants Nationwide and its Plan breached its duty as a fiduciary of the Plan as follows:

a. Calculating and promising specific benefits to Plaintiff, a Plan participant, in its letter of June 24, 2016, including the opportunity to take a lump sum distribution and yet retain residual benefits in the plan payable later, upon election, as deferred annuity payments;

b. Causing Plaintiff to elect a lump sum distribution in 2016 to her financial detriment;

c. Upon Plaintiff's later inquiry to begin receiving the promised deferred annuity payments, reneging and advising Plaintiff that her 2016 lump sum distribution had in fact exhausted her full benefit and that Defendants' 2016 calculation had been erroneous;

d. Thereafter, as Plaintiff sought explanation and clarity as to Defendants' actions and communications about Plaintiff's Plan benefits, further communicating to Plaintiff multiple, but conflicting explanations and calculations with the effect of eliminating Plaintiff's opportunity to have maximized her available benefits under the Plan and frustrating her attempt to analyze and rectify Defendants' broken promises and Plan benefit entitlement.

27. Defendants above breaches and violations of fiduciary obligation have caused Plaintiff to suffer damages in excess of $10,000, and Plaintiff is entitled to recovery of such amounts both as damages for Defendants' breaches, violations and failures, and further, as monies and amounts to which Plaintiff is entitled under the equitable restitution principles of ERISA.

WHEREFORE, Plaintiff respectfully prays the Court:

1. Award Plaintiff a jury trial on all issues so triable;

2. Award Plaintiff compensatory damages in an amount to be determined for her unpaid retirement benefits to date, as promised in Defendants' letter of June 24, 2016;

3. Award Plaintiff equitable restitution or specific performance to require Defendants to reinstate and remit payment of the deferred annuity payments promised in Defendants' letter of June 24, 2016;

4. Award Plaintiff attorneys fees as provided by ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

5. Grant Plaintiff pre-judgment and post-judgment interest on all damages to the extent permitted by law;

6. Tax the costs of this action to Defendants;

7. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 24th day of August, 2021.

/s/ William P. Barrett

William P. Barrett
N.C. State Bar #19545
Joshua M. Krasner
N.C. State Bar #19132
*Attorneys for Plaintiff*
BARRETT LAW OFFICES, PLLC.
5 West Hargett St., Suite 910
Raleigh, NC 27601
Telephone: (919) 999-2799
Facsimile: (919) 999-2711
wbarrett@barrettlawoffices.com
jkrasner@barrettlawoffices.com