IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CV-00436-M

DEIDRE PENATZER BAILES, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
NATIONWIDE MUTUAL INSURANCE )
COMPANY, )
NATIONWIDE MUTUAL FIRE )
INSURANCE COMPANY, and )
NATIONWIDE RETIREMENT PLAN, )
)
    Defendants.

This matter is before the court on Defendant's unopposed[1] Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) [filed October 29, 2021; DE 10]. For the reasons that follow, Defendant's motion is granted.

**I.    Background**

Plaintiff initiated this action in Wake County Superior Court on August 24, 2021. Compl., DE 1-3. She alleges Defendants breached their fiduciary obligations and improperly denied her retirement benefits in violation of the Employee Retirement Income Security Act ("ERISA"). *Id.* On October 22, 2021, Defendants removed the action to this court and responded to the Complaint by filing a motion for partial dismissal, an answer, and the present motion to transfer venue. As relevant here, Defendants argue that the subject Nationwide Retirement Plan, a portion of which

---

[1] Plaintiff's counsel entered his appearance in this case on December 2, 2021 (DE 13), and Plaintiff was provided the opportunity to respond to the motion in accordance with Local Civil Rule 7.1(f) (*see* Cert. of Serv., DE 10 at 3); however, no response has been filed.

is filed at DE 11-1 ("Plan"), contains a forum-selection clause that governs the venue in which Plaintiff may bring her action. Specifically, the Plan provides, in pertinent part:

> 13.03 — Limitation Period to Commence Legal Action
>
> All current or former Participants, or their beneficiaries, heirs or legal representatives (as applicable), shall have one year from the date of an adverse appeal decision to commence legal action related to such decision. The Plan Administrator, in its sole discretion, may waive this requirement if a current or former Participant, or his or her beneficiary(ies), heir(s) or legal representative(s) (as applicable), provides adequate proof, within a reasonable period of time following expiration of the one-year limitation, setting forth the specific reasons why the requirement could not be met. ***Any such legal action must be filed in United States District Court, Southern District of Ohio, Eastern Division***.

Plan, DE 11-1 at 5 (emphasis added).

## II. Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). For civil actions brought in federal district courts, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred." 28 U.S.C. § 1391(b)(2).

Typically, there is a presumption against disturbing the plaintiff's choice of forum. *See, e.g., Gen. Parts Distribution LLC v. Perry*, 907 F. Supp. 2d 690, 694 (E.D.N.C. 2012); *Hardee's Food Sys., Inc. v. Rosenblatt*, 44 F. Supp. 2d 767, 770-71 (E.D.N.C. 1998). However, "a forum selection clause reverses the presumptions that would otherwise apply: instead of heavily favoring the plaintiff's chosen forum and placing the burden on the defendant, the forum selection clause is 'given controlling weight in all but the most exceptional cases,' and the plaintiff bears the burden of proving why it should not be enforced." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 471 (4th Cir. 2018), *as amended* (Mar.

2

27, 2018) (quoting *Atl. Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 63-64 (2013)). "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atl. Marine*, 571 U.S. at 63 (citation and internal quotation marks omitted). The Supreme Court instructs that the "presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways": (1) "the plaintiff's choice of forum merits no weight"; (2) the court "should not consider arguments about the parties' private interests" but "may consider arguments about public-interest factors only"; and (3) "when a party bound by a forum-selection clause . . . files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* at 64.

As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so. *BAE Sys. Tech. Sol. & Servs.*, 884 F.3d at 470 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Consistent with *Atl. Marine*, enforcement of a forum selection clause may be unreasonable if the clause was induced by fraud or overreaching or if it would contravene a strong public policy. *See Atl. Marine*, 571 U.S. at 63; *Allen v. Lloyd's of London*, 94 F.3d 923 (4th Cir. 1996). Moreover, the presumption of enforceability applies only if the forum selection clause is mandatory rather than permissive. *BAE Sys. Tech. Sol. & Servs.*, 884 F.3d at 470 (citing *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650–51 (4th Cir. 2010)). "A mandatory clause *requires* litigation to occur in a specified forum ...." *Id.* (emphasis added).

### III.   Analysis

The forum selection clause in this case was added by amendment to the subject Nationwide Retirement Plan, effective January 1, 2018. Plan, DE 11-1 at 5. The clause is also found in the Plan's "summary plan description." Declaration of Catherine L. Grady, October 27, 2021 ("Grady

3

Decl."), at ¶ 9. Plaintiff had access to the summary plan description, which was uploaded to Defendant's "NetBenefits" website, and she accessed "at least 15 times from 2020 to" October 27, 2021 the "Plan Information" portion of the website where the summary plan description could be found. *Id.* at ¶¶ 10, 11.

Plaintiff does not respond to this information nor to the Defendant's request for transfer. Nothing in the record indicates that enforcement of the Plan's forum selection clause[2] would be unreasonable. The Plaintiff does not dispute, and in fact alleges, that the benefits she seeks through this action are governed by the Plan. With its use of the word "must," the clause is mandatory, as opposed to permissive. The court finds no suggestion that the Plan's terms, including the clause, were induced by fraud or overreaching, and the clause itself does not appear to contravene any public policy. In fact, it appears that Plaintiff has complied with at least a portion of the clause by commencing this action exactly "one year from the date of an adverse appeal decision." *See* Compl. at ¶ 15.

Mindful of the Supreme Court's instruction in *Atl. Marine* that forum selection clauses are "given controlling weight in all but the most exceptional cases" (571 U.S. at 63), the court finds

---

[2] "Neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has yet directly addressed whether forum selection clauses contained within ERISA plans are enforceable." *Smith v. Aegon USA, LLC*, 770 F. Supp. 2d 809, 811–12 (W.D. Va. 2011). However, the Sixth, Seventh, and Ninth Circuits have determined that nothing in the statute prohibits the enforcement of such clauses in ERISA plans. *In re Becker*, 993 F.3d 731, 732 (9th Cir. 2021) ("Neither ERISA's language and purpose nor precedent invalidates the Plan's forum selection clause."); *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014) ("The AEGON Pension Plan's venue selection clause is presumptively valid and enforceable."); *In re Mathias*, 867 F.3d 727, 734 (7th Cir. 2017) ("the [retirement] plan's forum-selection clause is enforceable"). Moreover, "[t]he majority of district courts confronted with the question have upheld them." *Smith*, 770 F. Supp. 2d at 812 (citing *Williams v. CIGNA Corp.*, No. 5:10–CV–00155, 2010 WL 5147257, at *3 (W.D. Ky. Dec. 13, 2010) (citing cases from other districts)).

the forum selection clause set forth in the Nationwide Retirement Plan to be valid and enforceable in this case and, thus, transfer of this action is appropriate.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Transfer Venue [DE 10] is GRANTED. The Clerk of the Court is directed to transfer this action to the United States District Court for the Southern District of Ohio.

SO ORDERED this 17th day of December, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE